### Richmond

COMMONWEALTH OF VIRGINIA, *ex rel.*,

STATE WATER CONTROL BOARD

v.

APPALACHIAN POWER COMPANY

No. 1274-88-3

Decided March 19, 1991

COUNSEL

John R. Butcher, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellant.

William L. Rosbe (Joseph M. Spivey, III; Peter W. Hull; Hunton & Williams, on brief), for appellee.

OPINION

## UPON REHEARING EN BANC

COLEMAN, J.—A divided panel of this Court upheld a ruling of the Circuit Court of the City of Roanoke which declared invalid two of the water control standards which the State Water Control Board (SWCB) attempted to adopt on October 7, 1987, dealing with the discharge of chlorine or other halogen compounds into certain state waters. *See Commonwealth ex rel. State Water Control Bd. v. Appalachian Power Co.*, 9 Va. App. 254, 386 S.E.2d 633 (1989). A majority of the panel upheld the circuit court's ruling that the standards were invalid because the SWCB, before amending its water quality standards, failed to hold an evidential hearing as required by its basic law, Code §§ 62.1-44.15(3a) and 9-6.14:8. We granted the Commonwealth a rehearing *en banc*.

Initially, Appalachian Power Co. (APCo) contends that the issue whether the SWCB's water quality standards were valid is no longer justiciable because the SWCB promulgated new regulations (Virginia Register, Vol. 5, Issue 23, pp. 3535-3538), effective September 13, 1989, which replaced the regulations that APCo was challenging, thereby rendering moot the validity of the former regulations. Also, APCo contends that in 1989 the legislature amended Code § 62.1-44.15(3a), the basic law governing the SWCB, to provide that the SWCB must hold a formal evidential hearing only "upon the request of an affected person or upon its own motion." Therefore, the issue whether the SWCB was required, or will be required for future regulations, to hold an evi-

dential hearing has been mooted by the amendment.

We hold that the validity of the SWCB's regulation was not moot for two reasons. First, the issue before the Circuit Court of the City of Roanoke, and before us on appeal, was whether the regulations promulgated October 7, 1987, were valid and thereby restricted the amount of chlorine or other halogen compounds which APCo or others could legally discharge into Virginia waters after that date. The fact that superseding regulations may have been validly adopted on September 13, 1989, does not render moot whether the regulations of September 29, 1987, were valid and whether they controlled the extent of discharge into state waters from the date of enactment until 1989. While emergency standards were promulgated after the circuit court ruled the permanent standards invalid, the validity and applicability of the standards, at least for that period of time before the emergency standards were passed, is a significant and viable issue. Likewise, the 1989 amendment by the legislature to Code § 62.1-44.15(3a), while it may have a bearing upon the construction of the statute, does not render moot the issue whether the SWCB was required to hold an evidential hearing in 1987 in order to have promulgated a valid standard that would regulate those who discharged chlorine into Virginia waters between 1987 and 1989. In summary, the same controversy which existed between the parties throughout this litigation exists now; the validity of the regulations from 1987 through 1989 remains a viable and justiciable issue between the parties. "As long as the parties have a concrete interest in the outcome of the litigation, the case is not moot notwithstanding the size of the dispute." *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 571 (1984) (citation omitted).

Second, even where parties no longer have a legally cognizable interest in the outcome of the litigation, a court may proceed to adjudicate a controversy under the "capable of repetition, but evading review" exception to the requirements of standing or justiciability. *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).[1] Where

---

[1] The validity of regulations from other agencies which must conform with the requirements of Code § 9-6.14:8 and which have provisions in their basic law paralleling Code § 62.1-44.15(3a) may have been called into question by the holding in *Commonwealth ex rel. State Water Control Board v. Appalachian Power Co.*, 9 Va. App. 254, 386 S.E.2d 633 (1989). While other agencies who are not a party to this proceeding and their regulations are not in issue, the SWCB and APCo, as well as other agencies, have a real

the validity and enforceability of permanent agency regulations have been challenged in the courts, if the agency by enacting an emergency regulation renders moot the question of the validity of the permanent regulation, every challenged regulation which the agency has deemed it necessary to keep in force by emergency measures would be placed beyond review. The validity of all such regulations as they may apply to APCo and to others similarly situated is likely to arise again unless the questions raised by this litigation and the shadow which has been cast over the regulations are addressed and resolved. Thus, we find that a real controversy does exist between the parties to the extent that the validity of the regulation may bear upon pending controversies or enforcement procedures implemented by the SWCB against APCo or others who may have been subject to the regulation by discharging chlorine or halogen compounds into state waters after October 7, 1987. The regulation, if valid, would have been the only applicable and controlling regulation at various times between 1987 and 1989. Accordingly, we hold that the validity of the 1987 regulation is a justiciable issue which was not mooted when the SWCB promulgated its emergency or replacement regulation or by the General Assembly amending Code § 62.1-44.15.

We turn to whether the Circuit Court of the City of Roanoke erred when it ruled that Code §§ 9-6.14:8 and 62.1-44.15(3a) required the SWCB to hold an evidential hearing, even though not requested by an affected party, in order to validly amend its water quality standards. We affirm the judgment of the circuit court for the reasons stated in an opinion by the majority of a panel of this Court in *Commonwealth ex rel. State Water Control Board v. Appalachian Power Co.*, 9 Va. App. 254, 386 S.E.2d 633 (1989).[2]

Chief Judge Koontz, joined by Judge Duff, dissents from this holding and would decide that the regulations were validly enacted for those reasons stated in *Appalachian Power Co.*, 9 Va.

---

interest in having a resolution of the question because the question is capable of repetition if the panel decision looms unresolved.

[2] The legislature amended Code § 62.1-44.15(3a) in 1989 by deleting the requirement that the SWCB as part of its triennial review shall "hold hearings as hereinafter provided" by the Administrative Process Act (§ 9-6.14:1 *et seq.*) and provided that evidential hearings pursuant to § 9-6.14:8 shall be "upon the request of an affected person or upon its [the SWCB's] own motion." Thus, under the 1989 amendment, the basic law governing the SWCB does not require an evidential hearing provided by § 9-6.14:8 except upon request or upon its own motion.

App. at 262, 386 S.E.2d at 637. Judges Benton, Keenan, and Barrow do not reach this issue because they consider it to be a moot proposition.

On this record we find no basis to support a claim by APCo that the SWCB acted unreasonably in attempting to promulgate its water quality standards or in prosecuting its appeals. Accordingly, we deny its request under Code § 9-6.14:21 for costs and attorneys' fees.

*Affirmed.*

Baker, J., Moon, J., Cole, J., and Willis, J., concurred.

Benton, J., joined by Barrow, J., and Kennan, J., dissenting.

A case is moot when, upon "the termination of the circumstances out of which a controversy arose . . . an adjudication upon the merits could serve no useful purpose beyond the gratification of a litigious party's will to win." Note, *"Moot" Administrative Orders*, 53 Harv. L. Rev. 628 (1940). " 'The duty of this court as to every other judicial tribunal, is *to decide actual controversies by a judgment which can be carried in effect*, and not to give opinions upon moot questions or abstract propositions, or to declare principals or rules of law which cannot affect the matter in issue in the case before it.' " *Potts v. Mathieson Alkali Works*, 165 Va. 196, 225, 181 S.E. 521, 533 (1935) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)) (emphasis added). I would hold that the matter at issue in this appeal is moot.

The mootness doctrine applies to administrative law cases whenever the record establishes:

> that after the rendition of the administrative determination from which relief is sought in a court, an event has occurred which renders moot what, except for such event, might be a controversy upon which judicial power could act. The intervening events which may render a case moot are of varied character, such as subsequent legislation. . . .

2 Am. Jur. 2d *Administrative Law* §573 (1962); *see also Isbrandtsen-Moller Co. v. United States*, 300 U.S. 139, 148-49 (1937); *United States v. Alaska Steamship Co.*, 253 U.S. 113, 115 (1920); *Church of Scientology Flag Serv. Org. v. City of*

*Clearwater*, 777 F.2d 598, 604-06 (11th Cir. 1985), *cert. denied*, 476 U.S. 1116 (1986). A ruling should not be made on the merits of this appeal precisely because intervening events and a statutory change combined to terminate the controversy. The majority's ruling will decide no actual controversy and will provide neither party with any relief.

The majority implies that the mootness doctrine should not apply when the issue is "capable of repetition, but evading review." However, the majority does not explain how that theory is applicable to the issues presented by this appeal. Although Virginia cases do not address in detail the concept that the majority espouses, the West Virginia Supreme Court has adopted a test that I believe is persuasive and workable. In determining whether issues are "capable of repetition, but evading review," that court has adopted a three-step analysis:

"First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. . . . Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public. . . . Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided. . . ."

*Israel v. West Virginia Secondary Schools Activities Comm'n*, 388 S.E.2d 480, 483 (W. Va. 1989) (quoting *State v. Gleason*, 404 A.2d 573, 578 (Me. 1979)).

The application of that test to the circumstances of this case does not lead to the conclusion that the mootness doctrine should be avoided. The issue in this appeal concerns the interpretation of a portion of Code § 62.1-44.15 that addressed the Board's obligation in 1987 to hold an administrative hearing. Although the circuit court ruled that the Board violated the statute and voided the regulations adopted at the challenged hearing, the Board later met at a duly constituted, lawful meeting while this action was pending and adopted regulations virtually identical to the regulations voided by the circuit court. No challenge has been brought concerning the validity of that later meeting or the regulations

adopted at that meeting.

More significantly, on July 1, 1989, during the pendency of this action, the legislature amended Code § 62.1-44.15 by fundamentally changing that portion of the statute governing the Board's obligation to hold a hearing. All the parties concede that due to the amendment to Code § 62.1-44.15 the Board's obligation to hold an administrative hearing has been substantially and fundamentally changed. This Court's ruling concerning Code § 62.1-44.15, as it existed in 1987, no longer has any significance and certainly is irrelevant to any issues arising under the statute as it is now written.[3]

In addition, there is not, and cannot be, any suggestion that this Court's interpretation of the statute governing the Board's administrative hearing procedure, which has now been amended so as to fundamentally change the applicable procedure, raises an issue of great public interest. Likewise, no argument exists that this is an issue that may be repeatedly presented to the circuit court, yet escape review because of its fleeting nature. In summary, the theory that the majority relies upon to support its conclusion that the appeal is not moot simply cannot withstand analysis when tested

---

[3] Although the majority seems to suggest that a case is not moot when an agency enacts emergency measures to provide temporary relief while the validity of its permanent regulations is being judicially determined, we need not decide that issue because that is not this case.

This action was originally brought in 1987 by Appalachian Power Company to challenge the validity of regulations adopted by the State Water Control Board. In sustaining a motion for summary judgment, the trial judge held that the meeting at which the regulations were adopted was not conducted in conformance with state law and that as a consequence the regulations were void. While the Board's appeal was pending in this Court, the Board met at a lawfully constituted meeting on September 27, 1988, and promulgated emergency regulations identical to those that had been adopted at the meeting that was deemed unlawful. Also while the appeal was pending the Board revised and repromulgated the regulations that the trial judge voided. Those revised and repromulgated regulations were enacted in accordance with statutory law as final regulations on September 13, 1989. No challenge was made to those meetings or to the final regulations that were enacted in 1989.

It should be noted, however, that the question at issue in the appeal to this Court does not concern the content of the regulations. The regulations are now in effect and have been so since 1988. The initial regulations were void only as a consequence of the trial court's ruling that the meeting at which they were adopted was unlawful. Thus, the gravamen of the legal challenge was, and remains, whether the 1987 Board meeting was held in conformance with the law. However, in 1989 the legislature amended the law governing the Board's procedure for holding such a meeting. It is this statutory change that causes this appeal to be moot. The statutory change is neither an emergency measure nor temporary.

upon the circumstances of this case. *See also Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975) ("in the absence of a class action, the 'capable of repetition, yet evading review' doctrine" has limited application).

Although I would hold that this action is moot, Appalachian is entitled to a decision concerning attorney fees. By its terms, Code § 9-6.14:21 allows a person who "contests any agency action . . . to recover . . . reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably, unless special circumstances would make an award unjust." Like 42 U.S.C. § 1988, an analogous attorney fee statute, nothing in the language of Code § 9-6.14:21 conditions the power of the court to award fees on full litigation of the issues. *Cf. Maher v. Gagne*, 448 U.S. 122, 129 (1980). Thus, the awarding of costs and attorney fees is not contingent upon a determination whether an action is moot. *Exeter-West Greenwich Regional Sch. Dist. v. Pontarelli*, 788 F.2d 47, 52 (1st Cir. 1986).

However, I believe that the majority improvidently decides the reasonableness of the Board's conduct. Whether the Board acted unreasonably is a question which involves in substantial measure issues of fact that should first should be determined by the trial court. Thus, I would further hold that Appalachian substantially prevailed and remand to the trial court the determination whether Appalachian is entitled to reasonable costs and attorney fees based upon the trial court's findings concerning whether the agency acted unreasonably and whether special circumstances prevailed. *See* Code § 9-6.14:21.