COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


YOLANDA TURNER

                                          MEMORANDUM OPINION[*] BY
             Record No. 1559-96-4         JUDGE ROSEMARIE ANNUNZIATA
                                               APRIL 1, 1997
ALBERT SPINNER, ET AL.


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          F. Bruce Bach, Judge

             Lloyd F. Sammons for appellant.

             J. Chapman Petersen (Murphy, McGettigan,
             Richards & West, P.C., on brief), for
             appellees.


        By order entered March 7, 1996, the circuit court placed the

person of T. T. (child) under the guardianship of appellees,

Albert and Karen Spinner (Spinners).  Appellant, Yolanda Turner

(mother), the child's biological mother, appeals that order,

contending that the court had no jurisdiction to enter it.  We

conclude that the jurisdictional question has been rendered moot

and dismiss mother's appeal.

                                   I.

        The child was born in Washington, D.C. in July 1993.  In

October 1993, Adrienne Hall took physical custody of the child

and relocated her to Virginia.  The child remained with Hall in

Virginia pursuant to a temporary custody decree of the Superior

Court of the District of Columbia (D.C. court).  In January 1995

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the D.C. court granted permanent custody of the child to Hall, reserving reasonable visitation rights for mother.

The child remained in Hall's custody, in Virginia, until November 1995 when Hall left the child in the Spinners' care, in Virginia, and underwent surgery. Hall died unexpectedly following surgery, and the Spinners kept physical custody of the child, knowing no one else to care for her. When mother was notified of Hall's death, she stated her intention to take custody of the child.

In January 1996, the Spinners filed a petition in Fairfax County Circuit court (Virginia court), pursuant to Code § 31-4, requesting the court to appoint them guardians over the person of the child. On February 9, 1996, mother filed a motion to dismiss the Spinners' petition by special appearance. Mother construed the Spinners' motion as a "de facto" request for custody and argued that the D.C. court retained jurisdiction over the custody of the child. On February 22, 1996, mother filed a custody petition in the D.C. court.

On March 7, 1996, the Virginia court conducted a hearing on the guardianship over the person issue. At that time, mother had taken physical possession of the child during a period of "visitation" and had refused to return her. Mother failed to appear at the guardianship hearing, but her attorney made a special appearance to request the court to stay its proceeding, pending the D.C. court's determination of whether it would

- 2 -

exercise jurisdiction over the custody issue. Mother's counsel again maintained that a determination of the issue of guardianship over the person was tantamount to a custody determination and, therefore, that the Virginia court had to defer to the D.C. court. The Virginia court, however, decided to proceed with the guardianship hearing. In so doing, the Virginia court stated:

> I'm not saying D.C. can't or really shouldn't go ahead with the custody and their decision may be that this court ought to resolve the custody. I don't know.

> \*   \*   \*   \*   \*   \*   \*

> If I [grant guardianship -- and place physical custody with the Spinners], I would do it knowing that a subsequent custody determination by a court of competent jurisdiction would give a superior right, I think, to any sort of guardianship that I would give it.

Following the hearing, the Virginia court awarded guardianship of the child to the Spinners. The Virginia court found that no one had custody over the child, and "[that was] what guardianship is intended for under Virginia law." The Virginia court reiterated that the custody issue would proceed in the District of Columbia, but it ordered the child to be returned to the Spinners during the pendency of those proceedings. The Virginia court entered its final order March 7, 1996.

From that order, mother appeals. Mother argues that a determination of guardianship over the person is tantamount to a determination of custody and, therefore, the provisions of the

UCCJA and the PKPA must be followed before a court has jurisdiction to award guardianship over the person. Specifically, she argues that because the issue of custody in this case was properly before the D.C. court, the Virginia court was bound not to proceed until the D.C. court determined whether it would exercise jurisdiction over the case. We find mother's argument to be moot and dismiss the appeal.

## II.

"The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944). Moot questions are not justiciable and, to avoid issuing advisory opinions, courts do not rule on such questions. In re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474, 476 (1988). A case is moot "when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome." Richmond, Fredericksburg & Potomac R.R. v. Transportation Communications International Union, 776 F. Supp. 1109 (E.D. Va. 1991), rev'd on other grounds, 973 F.2d 276 (4th Cir. 1992) (quoting United Stated Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)). A case is no longer live if, for example, a challenged

order has no "continued impact on the parties," or if no issues in the order remain unresolved.  Id. (quoting Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 569, 104 S. Ct. 2576, 81 L. Ed. 2d 483 (1984)).  As long as the parties have a concrete interest in the outcome of the litigation, the case is not moot.  State Water Control Bd. v. Appalachian Power Co., 12 Va. App. 73, 75, 402 S.E.2d 703, 705 (1991) (en banc).

There are two exceptions to the mootness doctrine.  First, cases capable of repetition, yet evading review remain justiciable.  Id. at 75, 402 S.E.2d at 705; In re Times-World Corp., 7 Va. App. at 323, 373 S.E.2d at 477.  Second, cases involving voluntary cessation of allegedly illegal activity are not moot.  See, e.g., City of Virginia Beach v. Brown, 858 F. Supp. 585 (E.D. Va. 1994).

Subsequent to the Virginia court's guardianship determination in the present case, the D.C. court deferred jurisdiction over the issue of custody to Virginia.[1]  We find the D.C. court's deferral of jurisdiction to render mother's appellate contention moot.  We find neither exception to the mootness doctrine to apply.  See City of Virginia Beach v. Brown, 858 F. Supp. 585 (E.D. Va. 1994); Jones v. Poindexter, 903 F.2d 1006 (4th Cir. 1990).

---

[1] We granted the Spinners' motion to supplement the record with the transcript of the D.C. court's proceeding.  See Rountree v. Rountree, 200 Va. 57, 63, 104 S.E.2d 42, 47 (1958); Ward v. Charlton, 177 Va. 101, 107-08, 12 S.E.2d 791, 792 (1941).

Accordingly, the appeal is dismissed.

Dismissed.
