COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Clements and McClanahan
Argued by teleconference


HARRISONBURG ROCKINGHAM SOCIAL
  SERVICES DISTRICT

v.       Record No. 2375-04-3

SHANNON SHIFFLETT AND
  ELVIS GENE SHIFFLETT, SR.

                                                              MEMORANDUM OPINION[*] BY
WARREN A. PICCIOLO, GUARDIAN *AD LITEM*        JUDGE JEAN HARRISON CLEMENTS
                                                                    JULY 19, 2005
v.       Record No. 2379-04-3

SHANNON SHIFFLETT AND
  ELVIS GENE SHIFFLETT, SR.


                  FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                                  John J. McGrath, Jr., Judge

           Christopher Brown, County Attorney; Warren A. Picciolo, Guardian
           *ad litem* for the infant children (Kim Van Horn Gutterman, Assistant
           County Attorney, on brief), for appellants.

           Thomas A. Howell for appellee Elvis Gene Shifflett, Sr.

           (Kathleen M. Mizzi Todd, on brief), for appellee Shannon
           Shifflett.  Appellee Shannon Shifflett submitting on brief.


       The Harrisonburg Rockingham Social Services District (HRSSD) and the guardian *ad litem*

for the eight minor children (children) of Shannon Shifflett (mother) and Elvis Shifflett (father)

appeal the decision of the Circuit Court of Rockingham County (circuit court) not to close to the

public the entire parental abuse and neglect hearing held in this case.  Because the appeals are moot,

we dismiss them.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of these appeals.

## I. BACKGROUND

On July 23, 2004, the circuit court began hearing the *de novo* appeal of mother and father (collectively, appellees) of the rulings of the juvenile and domestic relations district court finding the children were abused or neglected under Code § 16.1-241(A)(2a) and continuing their temporary custody with HRSSD.[1]  After the first witness had completed her testimony and the examination of a second witness had begun, a reporter from the *Daily News Record*, a local newspaper, entered the courtroom and sat in the public gallery.  Upon noticing the reporter's presence in the courtroom, HRSSD and the children's guardian *ad litem* (collectively, appellants) moved to close the entire hearing to the public, arguing that Code §§ 16.1-302 and 17.1-513.1 each mandated the complete closure of the parental abuse and neglect proceedings.  Appellants further argued that closure was necessary to protect the children's privacy and save them from lasting embarrassment and emotional harm that would result from the publication of the many humiliating details that would emerge during the hearing.  Appellees objected to closure.  Denying the motion, the circuit court stayed the parental abuse and neglect proceedings until August 26, 2004, "in order to give [appellants] an opportunity to seek immediate appellate review of [the] decision."  No party sought such review.  The circuit court also "continued further argument in the case" until July 27, 2004, "in order to permit additional research, . . . briefing and argument on the closure issue."

---

[1] The juvenile and domestic relations district court had removed the children from appellees' home and awarded their temporary custody to HRSSD because of poor hygiene, lack of basic housekeeping, educational deficiencies, and neglect of the children's mental and physical health.

At the July 27, 2004 hearing, appellees indicated they no longer opposed closure. However, a representative of the *Daily News Record* appeared and argued against closure on public policy grounds. The circuit court advised the newspaper's representative that the *Daily News Record* had the right to file a motion to intervene in the proceedings as an interested party so that it could participate in any appeal. No such motion was filed, however, and the newspaper is not a party to the present appeals. The court took the matter of closure under advisement.

On August 4, 2004, the circuit court entered an order vacating its previous ruling and ordering the parties to submit prehearing proffers of witness testimony and documentary evidence and to "designate which part of that testimony or evidence they contend[ed] would be injurious to the children if made public." The court further stated in the order that, based on those proffers, it would rule at the August 26, 2004 hearing "on which types of testimony and evidence, if any, [would] be taken when the [hearing was] open to the public, and which type of evidence, if any [would] be taken in closed session."

When the parental abuse and neglect hearing recommenced on August 26, 2004, appellants renewed their motion to close the entire hearing to the public and objected to the circuit court's anticipated ruling that only limited portions of the hearing would be closed to the public. Changing their positions again, appellees argued against closure. Clarifying the terms of its August 4, 2004 order, the circuit court expressly denied appellants' motion to close the proceedings completely and ruled that the hearing would be closed only when testimony or evidence was presented relating to "personal, medical and other private matters of the children."

The parental abuse and neglect hearing lasted three days. Much of the proceedings were open to the public, but the courtroom was closed when evidence was presented regarding the children's personal hygiene habits and their mental, medical, physical, and educational conditions.

At the conclusion of the hearing, the circuit court found that the children were in an abused and neglected condition prior to their removal from appellees' home and that the condition continued.

Between July 24 and August 30, 2004, the *Daily News Record* published six articles concerning appellees and the children. Some of the later articles included information clearly gleaned from direct observation of the parental abuse and neglect hearing, including quotes of argument, colloquy, and testimony detailing the substandard conditions to which it was alleged the parents had subjected the children.

On September 11, 2004, the circuit court entered dispositional orders memorializing its finding of parental abuse and neglect and continuing the children's temporary legal custody with HRSSD. These appeals followed.

## II. ANALYSIS

Appellants contend on appeal that the circuit court erred in not closing the parental abuse and neglect hearing to the public. In support of that position, appellants articulate injuries the children suffered as a result of the hearing not being closed to the public, namely, the publication in the *Daily News Record* of embarrassing facts adduced during the hearing. Citing Code §§ 16.1-296, 16.1-302, and 16.1-307, appellants urge us to establish a rule that parental abuse and neglect proceedings on *de novo* appeal to the circuit court proceed under a presumption that they are closed to the public. Upon review of the record, we conclude that the instant claim of error must be dismissed because it is moot.

"As a general rule, '[m]oot questions are not justiciable and courts do not rule on such questions to avoid issuing advisory opinions.'" In re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474, 476 (1988) (quoting United States v. Peters, 754 F.2d 753, 757 (7th Cir. 1985)). This is so because

> "[t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried

- 4 -

into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  Indeed,

> "[w]henever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case.  It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers."

Id. at 643-44, 29 S.E.2d at 832 (quoting Franklin v. Peers, 95 Va. 602, 603, 29 S.E. 321, 321 (1898)); see also Baldwin v. Commonwealth, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004) ("'[A] case is moot when the issues presented are no longer "live,"' Powell v. McCormack, 395 U.S. 486, 496 (1969), because 'an actual controversy must be extant at all stages of review,' to escape the notion that a case is moot, Preiser v. Newkirk, 422 U.S. 395, 401 (1975).").

> "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal."

Hankins, 182 Va. at 644, 29 S.E.2d at 832 (quoting Mills, 159 U.S. at 653).  "Moreover, even when the parties do not raise the issue of mootness, appellate courts should raise the issue *sua sponte* when the record does not present a live case or controversy."  Baldwin, 43 Va. App. at 421-22, 598 S.E.2d at 757 (citing Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)).

In the instant case, even if, assuming *arguendo*, the circuit court erred in deciding not to close the entire parental abuse and neglect hearing to the public, it is clear that during the interval of time between that decision and our review thereof an event has occurred that renders it

entirely impossible for this Court to grant effectual relief to appellants: a hearing open in part to the public has already taken place, and the information appellants seek to protect from public consumption has been irretrievably disseminated. Plainly, the granting of appellants' requested relief—that we "overrule" the circuit court's decision to open the hearing to the public—would neither rectify the particular judicial action that made that dissemination possible nor cure the dissemination itself. Likewise, appellants describe no conceivable injury to the rights of the children that may result from our inaction on the merits. Indeed, the outcome of these appeals will have no foreseeable effect on the children whatsoever. Thus, no controversy survives for our review, and any opinion we render would only serve to advise, rather than adjudicate. Accordingly, the appeals are moot.

There are, however, two exceptions to the mootness doctrine. First, cases involving voluntary cessation of allegedly illegal activity are exempted from the mootness doctrine. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (noting that, "as a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot'" (quoting United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953))); City of Virginia Beach v. Brown, 858 F. Supp. 585, 590 (E.D. Va. 1994). Second, cases that are "'capable of repetition, yet evading review'" remain justiciable. State Water Control Bd. v. Appalachian Power Co., 12 Va. App. 73, 75, 402 S.E.2d 703, 705 (1991) (en banc) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)); In re Times-World Corp., 7 Va. App. at 323, 373 S.E.2d at 477.

Neither exception to the mootness doctrine applies here, however. This case does not involve the voluntary cessation of allegedly illegal activity. The only cessation in this case concerning appellants' present claim was the conclusion of the parental abuse and neglect

hearing. Such a cessation does not constitute "voluntary cessation" as contemplated by the Supreme Court in Davis.

Moreover, the second exception "*only* applies when '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" Brown, 858 F. Supp. at 589-90 (emphases added) (alterations in original) (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). The second prong requires more than "a mere physical or theoretical possibility"; rather, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Murphy, 455 U.S. at 482.

Here, while the circumstances of this case were such that the challenged action of the circuit court arguably could not have been fully litigated prior to its cessation or expiration, there is no reasonable expectation that appellants will ever again be subjected, in their respective capacities as legal custodian and guardian *ad litem* of the children, to the same judicial action of not closing the circuit court's entire parental abuse and neglect hearing to the public. Indeed, the facts relevant to the circuit court's parental abuse and neglect determination in this case having already been established, an occurrence of circumstances necessitating a renewed open-court elicitation of the same facts is neither expected nor probable. The exception, therefore, does not apply.

Accordingly, we "'will not proceed to a formal judgment but will dismiss'" these appeals as moot. Hankins, 182 Va. at 644, 29 S.E.2d at 832 (quoting Mills, 159 U.S. at 653); see Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (stating that "[d]ismissal is the proper remedy" when an appeal is moot).

Dismissed.