McCLANAHAN, J.,
concurring, in part, and dissenting, in part.
I concur with the majority with regard to its decision in Parts IIA and III. I dissent with regard to Part II B, because I believe substantial evidence supports the agency’s decision and West did not prove that the procedural violations were not mere harmless error. Thus, I need not address Part II C.
The Administrative Process Act, Code 2.2-4000 et seq., provides that “the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.” Code § 2.2-4027; see Vasaio v. DMV, 42 Va.App. 190, 196, 590 S.E.2d 596, 599 (2004); J.P. v. Carter, 24 Va.App. 707, *335 720 n. 5, 485 S.E.2d 162, 169 n. 5 (1997). As such, “the circuit court’s role in an appeal from an agency decision is equivalent to an appellate court’s role in an appeal from a trial court.” Sch. Bd. v. Nicely, 12 Va.App. 1051, 1062, 408 S.E.2d 545, 551 (1991). We have authority to “reject agency factfinding ‘only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.’ ” Citland, Ltd. v. Commonwealth, 45 Va.App. 268, 274-75, 610 S.E.2d 321, 324 (2005) (quoting Mattaponi Indian Tribe v. Commonwealth, 43 Va.App. 690, 706, 601 S.E.2d 667, 675 (2004)) (emphasis in original). “This standard is designed ‘to give great stability and finality to the fact-finding process of the administrative agency.’ ” Atkinson v. Virginia ABC Comm’n, 1 Va.App. 172, 176, 336 S.E.2d 527, 530 (1985) (quoting Virginia Real Estate Comm’n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)).
At the administrative hearing, the evidence showed that when Detective Meadows told West that it seemed he was admitting to everything the child said, except for touching her breast area, West replied that was correct. The hearing officer found that West’s and S.J.’s statements were “so similar as to be almost identical,” that the evidence supported the allegations, and that the procedural violations were not fatal to the disposition. The trial court repeatedly stated that it had “concluded there was ‘ample’ evidence on which to base the agency’s findings of fact.” Its initial opinion letter read:
While the record in this case reveals disagreement over certain factual details—and, more particularly, over what inferences are supported by the facts—it cannot be characterized as lacking substantial evidential support for the agency’s decision. To the contrary, the record includes more than ample evidence to affirm the agency’s findings of fact. In short, the record establishes no substantive ground on which the agency’s decision should be disturbed.
The court further stated that “West did not prevail on the substantive question in the case,” which was whether he had engaged in the sexual abuse of S.J. The trial court found the evidence to be “substantial” and “ample.” It then affirmed the agency’s disposition of “Founded—Sexual Abuse (Sexual *336 Molestation)—Level Two” against West, leaving no question about whether the evidence supported the result the agency reached.
It is also clear that the local department failed to abide by its own procedures and the provisions of the Virginia Administrative Code. I agree with the trial court and with the majority that those failures constituted procedural error. I do not agree that the procedural error results in dismissal of the case. The majority concludes that because, “[i]t was essential ... for the hearing officer to have access to the precise substance of S.J.’s statements,” the case should be dismissed for lack of tape recording. In fact, there are four exceptions to the rule requiring a tape recording. One of those exceptions, DSS regulation 22 VAC 40-705-80(B)(l)(d), permits no tape recording if, “[i]n the context of a team investigation with law-enforcement personnel, the team or team leader determines that audio taping is not appropriate”—exactly the situation in this case. If the interview is not tape recorded, the CPS worker must document the basis for the decision not to tape. Thus, the error in this case was not that there was a failure to tape record, but that the CPS worker did not document the basis for the decision not to tape.
The majority concludes that tape recording the child’s statement was “essential,” and, without it, the accused cannot get a fair hearing, because the trier of fact “cannot reliably serve its function.” See Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991) (citing Rose v. Clark, 478 U.S. 570, 577-78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986)). Such a ruling improperly elevates the error to the level of a structural error. “[A] structural error is a ‘defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.’ ” Emmett v. Warden, 269 Va. 164, 168, 609 S.E.2d 602, 605 (2005) (quoting Fulminante, 499 U.S. at 310, 111 S.Ct. at 1265).
Examples of errors which affect the framework of a trial include the denial of a public trial, the denial of counsel, the denial of an impartial trial judge[,] ... the infringement upon a defendant’s right to represent himself, and the *337 improper instruction to a jury as to reasonable doubt and the burden of proof.
Morrisette v. Warden, 270 Va. 188, 192, 613 S.E.2d 551, 556 (2005); see also Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 1548-49, 137 L.Ed.2d 718 (1997). The United States Supreme Court has held that such structural errors defy harmless error analysis because they undermine the proceeding’s fairness as a whole. Fulminante, 499 U.S. at 309-10, 111 S.Ct. at 1264-65.
The error in this case is not structural, and therefore, is subject to harmless error analysis. See generally, Johnson, 520 U.S. at 468-69, 117 S.Ct. at 1549-50. Non-structural errors are amenable to harmless error analysis because they “ ‘may ... be quantitatively assessed in the context of other evidence presented in order to determine [the effect it had on the trial].’ ” Sanchez v. Commonwealth, 41 Va.App. 340, 352, 585 S.E.2d 337, 343 (2003) (quoting Brecht v. Abrahamson, 507 U.S. 619, 629, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353 (1993)). Such errors do not “ ‘infect the entire trial process.’ ” Id. at 352 n. 4, 585 S.E.2d 337, 585 S.E.2d at 343 n. 4 (citing Tuggle v. Netherlands 79 F.3d 1386, 1391 (4th Cir.1996)). Even if you ignore the four exceptions to the tape recording requirement, the error in this case does not fit in that limited class of structural errors. The statute itself dictates that the harmless error standard applies to this specific kind of error, designates the party which has the burden of proof, and explains how the standard is applied, giving the error the presumption of harmlessness. Code § 2.2-4027.
The trial court and the majority analyze this procedural, non-structural, error using the wrong standard. The majority improperly relies on Virginia Bd. of Medicine v. Fetta, 244 Va. 276, 421 S.E.2d 410 (1992), for its standard on whether such failure was harmless error. However, Fetta is a structural error case. Fetta attacked the impartiality of the fact finder. The Court specifically stated that the “mere harmless error” standard did not even apply in Fetta, because outside influence on the fact finder “could have had a significant impact on the ultimate decision so as to undermine the ‘sub *338 stantiality of the evidential support’ for the factual findings.” Id. at 283, 421 S.E.2d at 414.
The trial court also placed the burden of proof on the wrong party in its harmless error analysis. The court’s letter opinion reflects that it placed the burden on the Commissioner and not on West, Code § 2.2-4027 states that the burden is “upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: ... observance of required procedure where any failure therein is not mere harmless error.” Consequently, it is West’s burden to prove that the agency’s failure to detail its reasons for not tape recording the victim’s statement was not mere harmless error.[5] West has the burden to show prejudice. “ ‘[T]he burden of showing that prejudice has resulted’ is on the party claiming injury from the erroneous rulings.”[6] Nat’l Labor Relations Bd. v. Seine *339 and Line Fishermen’s Union of San Pedro, 374 F.2d 974, 981 (9th Cir.1967) (quoting Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943)).
The trial court’s letter opinion, however, is erroneously replete with references to the Commissioner’s failure to explain the agency’s mistakes and prove its case, while it makes no reference to West’s demonstration of how he was prejudiced.[7] The court held that, “considered as a whole,” the procedural violations “could have had a significant impact on the ultimate decision.” (Emphasis added). The statute does not allow prejudice to be presumed. In fact, the presumption is that the error was harmless. Code § 2.2-4027; Envtl. Def. Fund v. Virginia State Water Control Bd., 15 Va.App. 271, 277, 422 S.E.2d 608, 611 (1992) (“It is well established that agency action is presumed valid on review, and the burden rests ‘upon the party complaining’ to overcome this presumption.” (citing Code § 9-6.14:17, recodified as Code § 2.2-4027)); see also Commonwealth ex rel. State Water Control Bd. v. Appalachian Power Co., 9 Va.App. 254, 259, 386 S.E.2d 633, 635 (1989), aff'd en banc, 12 Va.App. 73, 402 S.E.2d 703 (1991). West is required to demonstrate that the error had an *340 actual prejudicial effect on the outcome. See Lane, 474 U.S. at 449, 106 S.Ct. at 732. “If, when all is said and done, the conviction is sure that the error did not influence the [fact finder], or had but slight effect, the verdict and the judgment should stand.” Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)).
As the trial court plainly stated in its second letter opinion (denying the motion to reconsider), even though it found the procedural violations could have made a difference, that does not mean that the outcome would have been any different. The court wrote,
This is not to say the agency would otherwise have made a different decision, and does not equate to a finding that West did not commit the alleged acts of sexual abuse. As previously noted, the Court explicitly found that the agency had sufficient evidential support for its findings of fact. Considering all the circumstances of the case, there was substantial justification for the agency’s position.
(Emphasis in original). It is hard to see how an explanation for why the interview was not tape recorded would have changed the hearing officer’s determination, given the “substantial” and “ample” evidence in the record. The evidence shows that the hearing officer found West’s statement and the child’s statement were “so similar as to be almost identical.” According to the hearing officer, “[the child]’s statement, as heard and noted by Ms. Robinson, was provided in its entirety to [West], and Ms. Robinson was subject to extensive cross-examination about it.” This provided West an opportunity to demonstrate to the fact finder that the statement was unreliable, not in context, or show that the credibility of the child was diminished.[8] He did not even make an attempt at such. *341 Moreover, West testified in person at the administrative hearing, which provided him a full opportunity to correct his statement or explain any misunderstandings. On appeal, West conceded that even if he had been provided an opportunity to tape record his own interview, he would not have changed his statement.
West was required to demonstrate that the hearing officer’s verdict was attributable to the agency’s failure to comply with the procedural requirements. He has not done so. West has not demonstrated that he was prejudiced by the local department’s failure to explain why S.J.’s interview was not tape recorded, conduct a face-to-face interview with him, or to offer a tape recording of his interview with the police. He has not even alleged that a contrary result would have been reached. There is no basis for concluding that the proper remedy in this case is dismissal, especially when the hearing officer and the trial court found that there is substantial evidence to support the findings of fact. Accordingly, I would reverse the trial court and affirm the decision of the hearing officer.

. See J.B. v. Brunty, 21 Va.App. 300, 305, 464 S.E.2d 166, 169 (1995) ("Code § 9—6.14:17(iii) [recodified as Code § 2.2-4027] states the party seeking review of required agency procedure must demonstrate such failure was not mere harmless error.”); Comm. of Concerned. Citizens for Prop. Rights v. Chesapeake Bay Local Assistance Bd., 15 Va.App. 664, 669, 426 S.E.2d 499, 502 (1993) ("[T]he Committee [the party complaining of the agency action] has the burden to demonstrate an error of law, such as the Board’s failure to observe required procedure, and to show that such error is not harmless.” (emphasis added)).

. An appellant with the burden of proving that an error was not harmless is required to show that the verdict rendered was attributable to the error. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993); United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986) (holding that "an error ... [that] affects substantial rights ... requires reversal only if the [error] results in actual prejudice because it had substantial and injurious effect or influence in determining the jury’s verdict” (internal quotation marks and citation omitted)); Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946) ("The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.”); Clay v. Commonwealth, 262 Va. 253, 259-60, 546 S.E.2d 728, 731-32 (2001); Lavinder v. Commonwealth, 12 Va.App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (“An error does not affect a verdict if a reviewing court can conclude, without usurping the [fact finder’s] function, that, had the error not occurred, *339 the verdict would have been the same.” (emphasis added)); Code § 8.01-678; see also United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508 (1993); Ctr. for Auto Safety v. Tiemann, 414 F.Supp. 215, 226 (D.D.C.1976) (”[I]n claiming that agency action should be set aside for procedural irregularity ..., it is plaintiffs’ burden to show that prejudice has resulted.”); Trifid Corp. v. Nat'l Imagery & Mapping Agency, 10 F.Supp.2d 1087, 1095 (D.Mo. 1998) ("[T]he burden to show that prejudice has resulted from procedural irregularity rests on the party claiming injury from the allegedly erroneous ruling.”); Yosemite Tenants Ass'n v. Clark, 582 F.Supp. 1342, 1363 (D.Cal.1984).

. ”[T]he record indicates without elaboration”; "this is the position taken by the Commissioner”; "The Commissioner contends”; "The Commissioner’s analysis fails”; "the Commissioner’s only explanation”; "the explanation for this failure”; "The Commissioner takes the position that the various failures to observe required procedure ... constitute harmless error. The Court does not agree.” See Watson Bros. Transp. Co. v. United States, 180 F.Supp. 732, 740 (D.Neb.1960) ("[Pjlaintiff was afforded the fullest opportunity to submit evidence sustaining its statutory burden of proof.”).

. The majority states:
[tjhe absence of a tape recording of S J.’s interview is particularly critical in this case because, given the close, grandfather-granddaughter-type relationship West and S J. had, the meaning and import of SJ.’s statements about West touching her genitals, breasts, and *341 buttocks were susceptible to more than one plausible interpretation and necessarily turned on the subtle nuances of those statements and the conduct they described.
However, such an analysis fails to consider that (a) the regulations do not require a tape recording; (b) the hearing officer is the fact finder in this proceeding (not the trial court and not this Court); and, (c) hearsay evidence is admissible in proceedings under the APA.
"The rules of evidence are considerably relaxed ..., and the findings of administrative agencies will not be reversed solely because evidence was received which would have been inadmissible in court.” Bias, 226 Va. at 270, 308 S.E.2d at 126. It is well established that “hearsay evidence is admissible” at an administrative hearing conducted in accordance with the Administrative Process Act. See Carter v. Gordon, 28 Va.App. 133, 141, 502 S.E.2d 697, 701 (1998). "If the agency relies on hearsay evidence, the court reviewing the sufficiency of that evidence on appeal may give it the same weight as any other record evidence.” Id.