# CIRCUIT COURT OF ROCKINGHAM COUNTY

Gladys Shifflett

v.

Patrick Finnerty et al.

February 3, 2010

Case No. CL09-00606

BY JUDGE JAMES V. LANE

This matter came before the Court on Gladys Shifflett's appeal to circuit court from the May 22, 2009, Appeal Decision of Department of Medical Assistance Services ("DMAS"). In that ruling, the hearing officer found that the Harrisonburg Health and Rehabilitation Center ("HHRC" or "nursing facility") had sufficient grounds to discharge Appellant, but that it did not comply with process and notice requirements. Appellant assigns error to the hearing officer's ruling on three grounds:

(1) The hearing officer did not make findings regarding the nursing facility's refusal to readmit Appellant following a hospitalization;

(2) The hearing officer found that the nursing facility's decision to discharge Appellant was appropriate;

(3) The hearing officer's remand instructions were inadequate by failing to explicitly require the nursing facility to comply with the law in its future discharge planning and implementation.

This Court heard argument on January 29, 2010. Having reviewed counsels' memoranda and the applicable law, the Court now affirms the ruling of the hearing officer.

First, Appellant contends that it was error for the hearing officer not to rule on the nursing facility's refusal to readmit Appellant. This Court's "review shall be based solely upon the agency record, and the court shall

be limited to ascertaining whether there was evidence in the agency record to support the case decision of the agency acting as the trier of fact." Va. Code § 2.2-4025(B). As the case decision did not include a ruling on the readmission issue, the Court will review the hearing officer's omission of that issue *de novo*.

Appellant's written appeal request form states: "I went to the hospital emergency room and when the ambulance took me back to the nursing home they refused to readmit me." (Tr. 134.) However, one day after Appellant filed her appeal, the nursing facility readmitted her. (Tr. 32.) As of the date of the hearing before this Court, the nursing facility continued to provide care to Appellant. Thus, the nursing home's refusal to readmit Appellant, while a part of the written appeal request form, was no longer a justiciable issue at the time the hearing officer heard and ruled upon the matter.

Appellant, however, contends that the issue was not moot, as the issue of the nursing facility's refusal to readmit Appellant is "capable of repetition, but evading review." *State Water Control Bd. v. Appalachian Power Co.*, 12 Va. App. 73 (1991). Appellant argues that the nursing home "was forced to readmit Ms. Shifflett once she filed her appeal" (App. Reply Br. 3), but cites no authority, legal or otherwise, for this assertion. Regardless, considering the totality of the circumstances in this case, it appears Ms. Shifflett has not revisited the hospital since the incident at issue nearly one year ago and, further, that the refusal to readmit is not likely to be repeated, given that the nursing facility is currently providing one-on-one care and has been found by the hearing officer to be justified in involuntarily discharging Appellant.

The nursing home's refusal to readmit Appellant when she arrived in an ambulance was a moot issue at the time the hearing officer conducted the hearing and rendered her decision. Therefore, it was not error for the hearing officer to omit a legal analysis of the nursing home's refusal to readmit Appellant.

Second, Appellant argues that the hearing officer erred in finding that the nursing home's "discharge due to safety reasons was appropriate because the Nursing Facility could not meet Appellant's needs." (Appeal Decision 6; Tr. 33.) The Court finds that "there was evidence in the agency record to support the case decision of the agency acting as the trier of fact," Va. Code § 2.2-4025(B), and affirms the ruling of the hearing officer as to the grounds for discharge.

Third, Appellant argues that "the hearing officer's remand instructions were inadequate by failing to explicitly require HHRC to

comply with requirements of federal and state law in any future discharge planning and implementation." (Pet. 2.) Because this issue turns on the meaning of Virginia Code § 2.2-4020(E), the Court will review *de novo* the omission of remand instructions that would set out the specific laws that nursing facility is commanded to follow.

Virginia Code § 2.2-4020(E) requires that the hearing officer's decision shall:

> briefly state or recommend the findings, conclusions, reasons, or basis therefor upon the evidence presented by the record and relevant to the basic law under which the agency is operating together with the appropriate order, license, grant of benefits, sanction, relief, or denial thereof.

The hearing officer found that the nursing facility "must complete a written discharge plan, a written notice of discharge, and complete all of the necessary steps and procedures before a valid discharge can be ordered." (App. Decision 7; Tr. 34.) In her remand instructions, the hearing officer further instructed the nursing facility to "complete an appropriate discharge plan" and to "notify the Appellant or representatives of your determination." *Id.*

Appellant contends that the hearing officer's decision was legally deficient in several respects. First, Appellant argues that the hearing officer "failed to include in the remand instructions a requirement that the facility issue a written discharge notice which fully complies with federal law." (Pet. ¶ 49.) Second, Appellant argues that the hearing officer failed to order the nursing home to obtain documentation in her record by her attending physician that the discharge was necessary for her welfare and that her needs could not be met in the facility. *Id.* Third, Appellant argues that the hearing officer erred in not specifically ordering the nursing home to secure a written notation in Appellant's clinical record by an attending physician or medical director of the facility as required by Va. Code § 32.1-138.1. *Id.*

The Court finds no merit in these assertions. In the body of her decision, the hearing officer quoted extensive portions of the *Nursing Home Manual*, which set out the very discharge requirements that Appellant claims are absent. *E.g., Appeal Decision* at 3 (citing 42 C.F.R. § 483.12) (resident's physician must document in resident's clinical record that the discharge is necessary for the resident's welfare); *id.* at 4 (citing Va. Code § 32.1-138.1) (physician or medical director shall make written

notation in the patient record approving the discharge after consideration of effects, mitigation, and appropriate care needed upon discharge).

Essentially, Appellant takes the position that all relevant state and federal law must be quoted in the remand instruction section of the hearing officer's decision. Such a duty goes beyond the requirements of Va. Code § 2.2-4020(E). In this case, the hearing officer has put the nursing facility on notice of the deficiencies in the February 2009 discharge of Appellant and has directed the nursing facility to "complete all necessary steps and procedures," which quite obviously means compliance with legal requirements set out in her decision.

The hearing officer's decision will not protect the nursing facility from appeal should a future involuntary discharge of Appellant be conducted in a legally deficient manner. It is simply not the duty of the hearing officer to act as an insurer of absolute future compliance with state and federal law under new facts. Therefore, the hearing officer's instructions were adequate, and the Court will not reverse on this ground.

The decision of the hearing officer is affirmed.