# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### HAZEL O. HANKINS, AS ADMRX., ET AL. V. TOWN OF VIRGINIA BEACH, ET ALS.

May 1, 1944.

Record No. 2830.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*W. R. Ashburn,* for the appellants.

*Roy Smith* and *F. E. Kellam,* for the appellees.

BROWNING, J., delivered the opinion of the court.

This case involves the right of the appellants to operate their vehicles for hire on the streets of the Appellee under license number 2308 which was issued to them by the Appellee for the license year beginning on May 1st, 1943 and ending on April 30th, 1944.

It appearing that the license period has now expired and all rights and benefits thereunder have ended, there is no controversy or issue to be determined.

In *Franklin* v. *Peers,* 95 Va. 602, 29 S. E. 321, this was said:

"Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend,

and where no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers.

When it appears from the record, or from matters of which courts may take judicial notice, that the controversy that once existed has terminated by lapse of time, the appellate court will dismiss the writ of error or appeal. *Shumate* v. *Spilman,* 10 Va. Law Journal 443; *Mills* v. *Green,* 159 U. S. 651; and *Cutcomp* v. *Utt,* 60 Iowa 156."

In the case of *Mills* v. *Green,* 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293, Mr. Justice Gray said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence. *Lord* v. *Veazie,* 8 How. 251; *California* v. *San Pablo & Tulare Railroad,* 149 U. S. 308."

This was quoted in the case of *Hamer* v. *Commonwealth,* 107 Va. 636, 637, 59 S. E. 400.

The case is dismissed without costs to either party.

*Dismissed.*