# Richmond

### Hallmark Personnel Agency, Inc. v. Ruby M. Jones.

April 24, 1967.

Record No. 6388.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Gordon, JJ.

*Thomas J. Harlan, Jr. (Doumar, Pincus, Anderson & Knight,* on brief), for the appellant.

*John F. Rixey (Rixey & Rixey,* on brief), for the appellee.

Eggleston, C. J., delivered the opinion of the court.

Hallmark Personnel Agency, Inc., filed its bill in the court below against Ruby M. Jones praying for an injunction to enforce a restrictive covenant in a written contract of employment entered into between the parties on October 2, 1964. The bill alleged that one of the provisions of the contract was that the defendant would not engage "in any capacity with any other person or firm in a similar business" to that of Hallmark "within a radius of thirty-five (35) miles from

the City of Norfolk for a period of eighteen (18) months following the termination of her employment;" that the defendant had terminated her employment with the plaintiff on August 23, 1965; that in violation of the terms of her agreement she had accepted employment with Universal Employment Agency, a concern which is engaged in a business in the City of Norfolk similar to that conducted by the plaintiff, to which she was imparting confidential information acquired by her while in the employ of the plaintiff; and that such breach by the defendant of the terms of her agreement had caused the plaintiff to suffer "irreparable harm, injury and detriment."

The prayer of the bill was that the defendant be enjoined from continuing her employment with Universal in violation of the terms of her agreement; that she "be further enjoined from entering into any other contract with any other employment agency within a thirty-five (35) mile radius of the City of Norfolk for a period of eighteen (18) months from the date of the termination of her employment" with the plaintiff; and that the defendant "be required to respond in damages by way of general equitable relief for any pecuniary detriment caused by way of her wilful breach of her employment contract."

The defendant filed an answer admitting her execution of the contract of employment with Hallmark containing the restrictive covenant and the termination of that employment. She alleged that the provisions of the restrictive covenant are "invalid and of no force and effect" in that they are "unreasonable, harsh, oppressive, against sound public policy and prohibitive of the legitimate efforts of the defendant to earn a livelihood." In a cross-bill she prayed judgment against the plaintiff Hallmark for $750 with interest, being the amount due her for services rendered prior to the termination of her employment.

After the trial court had heard the evidence ore tenus it entered a decree holding that the restrictive covenant in the contract "is unreasonable and should not be enforced" and dismissing the bill of complaint. The decree further recited that such disposition of. the cause was without prejudice to the defendant's claim for compensation under her cross-bill. From this decree the plaintiff has appealed, claiming that the holding of the trial court that the restrictive covenant is unreasonable and should not be enforced is contrary to the law and the evidence.

The evidence shows that Hallmark conducts an employment

agency business at 207 Granby Street in the City of Norfolk; that on October 2, 1964 it entered into a written contract with the defendant which contained the restrictive covenant as alleged in the bill of complaint; and that on August 23, 1965 the defendant quit her employment with Hallmark and went to work for Universal Employment Agency which conducts a similar business at 147 Granby Street in the City of Norfolk. She was so employed at the time of the institution of this suit in September, 1965.

While there is evidence on behalf of Hallmark that the information which the defendant had acquired while in its employ would be harmful to its business if disclosed by her to a concern engaged in a similar business, there is no evidence or claim that Hallmark suffered any pecuniary damage by reason of the defendant's alleged breach of contract. The prayer of the petition for appeal is that the defendant "be further enjoined from entering into any other contract with any other employment agency within a thirty-five (35) mile radius of the City of Norfolk for a period of eighteen months from the date of the termination of her employment."

At the oral argument before us counsel for the defendant appellee suggested that since the eighteen months' period following the termination of her employment with Hallmark during which she had agreed not to engage in a similar employment with another concern had expired, the issue whether she should be enjoined from engaging in such employment during that period was moot and the case should be dismissed. We agree with that position of the appellee.

A similar situation was presented to us in *Hankins* v. *Town of Virginia Beach*, 182 Va. 642, 29 S. E. 2d 831. In that case Hankins and others appealed from a decree holding that they were not entitled to operate vehicles for hire on the streets of the Town of Virginia Beach for the license period beginning May 1, 1943 and ending April 30, 1944. Pending the disposition of the appeal the license period in controversy expired and we held that since the matter had been terminated by lapse of time the case should be dismissed without costs to either party. We quoted with approval the holding in *Franklin* v. *Peers*, 95 Va. 602, 603, 29 S. E. 321, that: "When it appears from the record, or from matters of which courts may take judicial notice, that the controversy that once existed has terminated by lapse of time, the appellate court will dismiss the writ of error or appeal." 182 Va. at 644, 29 S. E. 2d at 832. See also, *Cumberland Bank & Trust Co.* v. *French*, 186 Va. 53, 41 S. E. 2d 499.

This is in accord with the general rule that appellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation. See 5 Am. Jur. 2d Appeal and Error, § 761, p. 203; *Id.*, § 764, p. 207; 5 C. J. S. Appeal and Error, § 1354(1), p. 404 *ff.*

Consequently, the present case is dismissed without costs to either party. *Hankins* v. *Town of Virginia Beach, supra,* 182 Va. at 644, 29 S. E. 2d at 832; *Cumberland Bank & Trust Co.* v. *French, supra,* 186 Va. at 54, 41 S.E.2d at 499.

*Dismissed.*