COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Beales
Argued at Richmond, Virginia


CARL MAURICE ROBINSON, JR.
                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2813-06-2                            JUDGE JAMES W. HALEY, JR.
                                                          DECEMBER 18, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Samuel E. Campbell, Judge

David L. Cloninger (The Law Office of David L. Cloninger, on
brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Carl Maurice Robinson, Jr. ("appellant") was convicted of burglary and petit larceny and

appealed his convictions to this Court.  In this appeal, appellant contends that the trial court erred

in refusing his request to suspend the execution of his sentence and allow him to remain on bond

while his burglary and petit larceny convictions were considered on appeal.  Because we

conclude that this case no longer presents a live case or controversy, we dismiss his appeal as

moot.

                                STATEMENT OF FACTS

        A jury convicted appellant of burglary and petit larceny on January 19, 2006.  The trial

court entered its final sentencing order on April 13, 2006.  Appellant noted his appeal to this

Court (Court of Appeals Record No. 1088-06-2) and filed a petition arguing that his convictions

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

should be reversed. While his substantive charges were under consideration by this Court, appellant asked the trial court to suspend the execution of his sentence and to allow him to remain on bond while his convictions were on appeal. The trial court denied appellant's request after a hearing on October 12, 2006. Appellant then petitioned this Court for an appeal of the trial court's bond decision, which is the subject of this opinion. The appeal bond issue was assigned Court of Appeals Record No. 2813-06-2.

This Court denied appellant's petition for an appeal of his substantive convictions by order, dated November 15, 2006. Appellant sought review of this denial by a three-judge panel of this Court. That panel denied appellant's petition on January 26, 2007. Appellant noted his appeal to the Supreme Court of Virginia (Supreme Court Record No. 070389), which denied his petition for appeal by order of July 5, 2007. While the Supreme Court was considering appellant's petition for a writ of error from his substantive convictions, counsel for both parties submitted briefs and made oral arguments in this Court on the question of appellant's appeal bond. During oral argument on September 5, 2007, appellant's counsel conceded that this case would be moot if the Supreme Court denied his petition for rehearing. Appellant had filed a petition for rehearing in the Supreme Court on July 19, 2007. By order entered on September 25, 2007, the Supreme Court denied appellant's petition for rehearing. Thus ended the progress of appellant's burglary and petit larceny cases through Virginia's judicial system.

## ANALYSIS

"[A]ppellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." Hallmark v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967). "'[A]n actual controversy must be extant at all stages of review,' to escape the notion that a case is moot."

Baldwin v. Commonwealth, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

At this stage of review, the bond question presented in this appeal is no longer an actual controversy affecting appellant's rights. The relief that he sought from the trial court, i.e. the suspension of the execution of his sentence and his release on bond for such time as his case finds its way through the Virginia appellate courts, is no longer available on remand because he has already exhausted his appeals both to this Court and to the Supreme Court of Virginia. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (criminal defendant's request for pre-trial bail became moot when he was convicted because even a favorable decision would not have entitled him to bail). We therefore dismiss appellant's case as moot.

Dismissed