COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


ASLI EVERETT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0588-07-4                      JUDGE ROSEMARIE ANNUNZIATA
                                                    DECEMBER 27, 2007

RONALD JAMES EVERETT


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Lisa B. Kemler, Judge

             David D. Masterman (Sameena Sabir; Masterman & Graham, P.C.,
             on brief), for appellant.

             Richard F. Gibbons, Jr., for appellee.


        Asli Everett (wife) appeals the trial court's February 5, 2007 order correcting a mistake

from an October 31, 2006 final order and granting Ronald J. Everett (husband) an extension of

time in which to pay an attorney's fees award.  On appeal, wife contends the trial court lacked

jurisdiction to modify the October 31, 2006 order.  Husband seeks an award of his costs

associated with this appeal.  For the reasons that follow, we affirm the trial court's order.

                                     BACKGROUND

        The parties were divorced by final decree entered June 24, 2005.  On March 23, 2006, the

court entered a consent decree resolving a rule to show cause filed by wife.  In that decree, the

court ordered husband to pay wife a support arrearage according to a repayment plan that, *inter

alia*, reduced the amount of attorney's fees husband owed wife by $5,200, provided he paid the

arrearages and attorney's fees award in compliance with the repayment schedule.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 5, 2006, the court heard a second rule to show cause filed by wife, alleging husband had failed to comply with the March 23, 2006 decree and had incurred an additional arrearage. On October 31, 2006, the court entered an order memorializing its finding from the September hearing. Contrary to the court's oral ruling from the bench that husband was not in violation of the earlier consent decree, the written October 31 order stated that husband, having violated the court's decree, was in contempt. The order also imposed the suspended $5,200 attorney's fees award, contrary to the court's earlier oral ruling.

On December 6, 2006, husband filed a motion asking the court to correct its October 31, 2006 order to reflect the ruling from the bench. Husband also sought an extension of time to repay an additional attorney's fees award imposed by the court at the September hearing.

On February 5, 2007, the court entered an order correcting its earlier order and granted husband six months from the October 31, 2006 order to repay wife the owed sum. Wife appeals from that order.

## ANALYSIS

### I.

Wife's assertion that Rule 1:1 prevents the trial court from correcting the earlier order is without merit. As husband contends, Code § 8.01-428 permits the court to correct its prior order beyond twenty-one days of its entry.

Code § 8.01-428(B) provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Code § 8.01-428(B) "gives courts the authority to enter *nunc pro tunc* orders modifying support obligations in the rare situation where the evidence clearly supports the conclusion that

an error covered by Code § 8.01-428(B) has been made." Dorn v. Dorn, 222 Va. 288, 292, 279

S.E.2d 393, 395 (1981). "[T]o invoke such authority the evidence must clearly support the

conclusion that an error of oversight or inadvertence has been made." Cass v. Lassiter, 2

Va. App. 273, 277, 343 S.E.2d 470, 473 (1986).

In this case, wife concedes that the original order, drafted by her counsel, is inconsistent

with the court's oral ruling from the bench in that it found husband in contempt and imposed the

previously suspended attorney's fees award. The court's error in entering the order despite its

variation from the announced ruling is an "oversight" correctable by application of Code

§ 8.01-428(B).

## II.

Wife also objects on appeal to the extension of time the court granted husband to repay

the additional attorney's fees that the court awarded in its October 31, 2006 order.[1] Since the

time period for repayment has already elapsed and since husband concedes the fees have now

been paid, the issue of whether the court permissibly granted the time extension beyond

twenty-one days of the entry of the final order is moot and the controversy ended. We, therefore,

decline to rule on the question. See Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29

S.E.2d 831, 832 (1944); In re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474,

476 (1988).

## III.

Husband requests this Court to award him his costs incurred on appeal.

> The rationale for the appellate court being the proper forum
> to determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine

---

[1] The award was based on attorney's fees incurred since the entry of the March 2006 order.

- 3 -

> whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  In this context, and upon consideration of the entire record in this case, we hold that husband is not entitled to costs or attorney's fees in the matter.

Affirmed.
