# CIRCUIT COURT OF NELSON COUNTY

Lois Bennett et al.

v.

Maxine Small
and Jason Harvey

September 2, 2008

Case No. CL06000153-00

By Judge J. Michael Gamble

I am writing this letter to rule on the motions for summary judgment filed by the plaintiffs and the defendants. In this regard, I grant the summary judgment motion of the defendants and dismiss this case on the grounds that it is moot. The motion for summary judgment of the plaintiffs is overruled.

The plaintiffs allege in their complaint that the defendants should be permanently enjoined from recycling vegetative waste on the property of Maxine Small. This case is a part of a series of lawsuits brought by Lois Bennett, plaintiff in this case, and others concerning a vegetative rubbish recycling facility operated on the real estate of Ms. Small. Jason Harvey, the other defendant in the instant case, was the actual operator of this facility.

The primary litigation occurred in the case of *Lois Bennett v. Nelson County Board of Supervisors*, Case No. CL06000039, in the Circuit Court of Nelson County. The court will refer to this primary litigation as "Bennett I" as it has commonly been referred to during the course of this and other litigation.

Bennett I involved the question of whether a conditional use permit was properly issued by Nelson County to allow the operation of a large stump grinder on the property of Ms. Small. This stump grinder was used to grind trees, stumps, and other vegetative waste that was primarily generated at the Wintergreen Resort. On October 16, 2007, this court ruled that a conditional use permit for this purpose was neither reasonable nor fairly debatable. Pursuant to this ruling, an order was entered on January 11, 2008, declaring the conditional use permit void.

The court stayed the litigation in the instant case pending the resolution of Bennett I. Now that Bennett I has been completed, the stay was removed and litigation has proceeded.

The defendants filed a motion for summary judgment on the grounds that the instant litigation is moot because the ruling in Bennett I prevents the defendants from operating a vegetative waste recycling facility on the premises of Ms. Small. In their motion, the defendants state that no vegetative waste recycling facility has been operated since the decision of the court, that the court cannot presume that the defendants are likely to commit such violation in the future, that it is inappropriate to enjoin the defendants from committing future violations, that the conduct is currently prohibited by law, and that there is no controversy between the parties.

The court received evidence at the summary judgment hearing on the issue of whether there has been operation of a vegetative waste recycling facility (stump grinder operation) since the decision of the court in Bennett I. The defendants established by a preponderance of the evidence that there has been no operation of a vegetative waste recycling facility since the court issued its opinion in October 2007.

The evidence demonstrated that the property of Ms. Small is primarily used to pasture cattle at the present time. There are still some vegetative waste piles on the property. These are used for various landscaping and other commercial purposes by Mr. Harvey. However, the evidence is that the piles have not increased. In fact, they have been reduced in size as waste has been removed from the property. There is a large mechanical screen used to strain the dirt from various vegetative waste. This screen, however, has not been used in conjunction with any grinding operation. Occasionally, some trucks have been seen entering and leaving the property, however, nothing was seen in the trucks. Further, Mr. Harvey testified that he does not intend to operate a vegetative waste recycling or grinding operation on the premises.

Courts do not decide moot questions. *Potts v. Mathieson Alkali Works*, 165 Va. 196, 227, 181 S.E. 521, 533 (1935). The court in *Potts* further noted that it is the duty of courts "to decide actual controversies by a judgment which can be carried into effect, and not give opinions upon moot questions or abstract propositions. . . ." *Potts*, 165 Va. at 225, 181 S.E. at 533. See also *Hallmark v. Jones*, 207 Va. 968, 970-71, 154 S.E.2d 5, 7 (1967) (holding that courts decide only actual controversies injuriously affecting the rights of some party). The Supreme Court has also held that, when there is no longer an actual controversy, it is the duty of the tribunal to dismiss the case. *Hankins v. Virginia Beach*, 182 Va. 642, 643, 29 S.E.2d 831, 832 (1944). Further, the Court of Appeals of Virginia has held that a case is moot when the issues are no longer "live." *Baldwin v. Commonwealth*, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004).

There is no actual controversy in this case (*Potts*). The court has previously ruled that a vegetative waste recycling facility is not proper under the Nelson County Zoning Ordinance. There has been no activity of this nature since the decision of the court. Thus, there is nothing that can actually be controverted.

This is no longer a live case (*Baldwin*). For the reasons set forth above, this case is not alive. There is no operation of a facility that violates the zoning ordinance or the court's decision in Bennett I. If the court rendered an opinion in the instant case, it would merely be advisory because no activity is occurring that creates any controversy between the parties.

The controversy that once existed between the parties has now lapsed by time and the decision in Bennett I (*Hallmark*). It has lapsed by time because there has been no activity since the court's decision, and it is lapsed through Bennett I because the activity is no longer lawful under the Nelson County Zoning Ordinance.

The plaintiffs argue that this case can proceed because it is still possible that a judgment can be carried into effect (*Potts, supra*). This court disagrees with that analysis. Because there is no activity on the premises that violates the zoning ordinance, there is simply nothing for a judgment to act upon that could be carried into effect.

The plaintiffs also argue that this case should proceed because this litigation is "capable of repetition, but evading review." *Commonwealth, ex rel. State Water Control Bd. v. Appalachian Power Co.*, 12 Va. App. 73, 77, 402 S.E.2d 703 (1991). Again, the court disagrees with this analysis. In the instant case, these acts are not evading review. In fact, in Bennett I, this basic controversy was reviewed by the court. After Bennett I, there has been no illegal activity to review.

The plaintiffs also have filed a motion for summary judgment. The main premise of their motion is that the ruling in Bennett I declared the activity unlawful.

While the plaintiffs are correct about the holding in Bennett I, it does not address the controversy alleged in this case. Bennett I concerned the lawfulness of issuing a conditional use permit under the Nelson County Zoning Ordinance. The case at bar concerns whether or not a nuisance is being committed. Further, the same parties were not litigants in Bennett I and the instant case.

Further, to the degree that the plaintiffs argue that stump-grinding activity was a nuisance *per se*, the court again disagrees. A nuisance *per se* is something that is a nuisance at all times and under all circumstances. *Price v. Travis*, 149 Va. 536, 547, 140 S.E. 644, 647 (1927). Vegetative waste recycling and/or grinding of stumps is not a nuisance at all times and under all circumstances. In fact, it is a lawful enterprise as long as it is conducted at a proper location and under the proper circumstances. To hold that it is a nuisance *per se* would mean literally that no stump grinders could ever be used to grind trees, limbs, and other debris.

Last, even though this is a minor issue, the court overrules the argument of the plaintiffs that summary judgment is not the proper procedure. Under Rule 3:20, summary judgment is appropriate at any time after the parties are at issue. The rule clearly states that even the pleadings are sufficient grounds to enter summary judgment. In the case at bar, however, the court has actually taken evidence on this issue. Further, as requested by the parties, the court has considered the evidence and rulings in Bennett I.