COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


JUDITH ANTHONY BRUMFIELD

MEMORANDUM OPINION[*] BY

v.        Record No. 1462-08-3        JUDGE RANDOLPH A. BEALES
                                                    JULY 7, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Aubrey J. Rosser, Jr., for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Judith Anthony Brumfield (appellant) appeals to this Court, asking that she be permitted to

serve the remainder of her sentence under the Department of Corrections (DOC) home electronic

incarceration (HEI) program. Given appellant has completed serving the active portion of her

sentence, we find the issue raised by appellant is moot.

Background

Very few of the facts related to appellant's six embezzlement and one grand larceny

convictions are relevant to our discussion of her appeal. However, we note that the Pittsylvania

County Circuit Court sentenced her to twenty-three years of "[i]ncarceration with the Virginia

Department of Corrections" with twenty years of that sentence suspended. The final sentencing

order was entered on March 1, 2006. Two weeks after entry of that order, appellant asked the trial

court to enter another sentencing order, one that would allow her to serve the active portion of her

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence under an HEI program rather than committing her to the DOC to serve her sentence. The trial court denied her motion and entered an order to that effect on March 21, 2006.

While serving her time in the penitentiary, appellant's then-attorney contacted the Sheriff's Office for the City of Martinsville. Appellant, through her attorney, asked the sheriff to contact the DOC and to determine if she was eligible for the DOC's HEI program as administered by the Martinsville Sheriff's Office. Although the sheriff contacted the Martinsville Circuit Court and the Martinsville Commonwealth's Attorney's Office, no one contacted the Pittsylvania County Circuit Court or the Pittsylvania County Commonwealth's Attorney's Office or Sheriff's Office. Based on the information provided by the Martinsville authorities, the Martinsville Sheriff contacted the DOC, and the DOC then approved appellant for its HEI program as administered by the Martinsville Sheriff's Office. She began to serve her sentence through this program on October 11, 2007.

The Pittsylvania County Commonwealth's Attorney's Office eventually discovered that appellant had been released from the penitentiary and was serving her sentence on an HEI program administered by the Martinsville Sheriff's Office. The Pittsylvania County Commonwealth's Attorney then filed a motion in the Pittsylvania County Circuit Court asking the court to order that the DOC terminate appellant's participation in the HEI program and to order that she be returned to the penitentiary. The trial court granted this motion on May 30, 2008, and appellant was returned to the penitentiary. She then appealed that decision to this Court.

While the appeal was pending, appellant completed her three-year sentence, and she was released from the physical custody of the DOC.[1] She is currently on probation pursuant to the suspended portion of her sentence.

---

[1] On the face of this record, appellant should have been released from the penitentiary at the end of February 2009, assuming she did not have any credit for time served prior to March 1, 2006, which would have given her an earlier release date. At oral argument, appellant's counsel

Analysis

The Supreme Court of Virginia has explained,

> Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case.

Hankins v. Town of Virginia Beach, 182 Va. 642, 643, 29 S.E.2d 831, 832 (1944). See also In re Times-World Corp., 7 Va. App. 317, 323, 373 S.E.2d 474, 477 (1988) (noting that courts may not issue advisory opinions).

Here, appellant is no longer in the physical custody of the DOC. She is free of both incarceration in the penitentiary and via HEI. Therefore, the controversy over whether she should serve the active portion of her sentence in the penitentiary or via HEI is moot. No actual controversy continues to exist between the parties, and this Court, even if it reversed the trial court's decision, would not remedy any situation for appellant.

Appellant argues that this issue is not moot because she remains under the supervision of a probation officer and remains under the threat of revocation of her suspended sentence for the next twenty years. Apparently, she is asking this Court to apply "the exception to the mootness doctrine for cases that are 'capable of repetition, yet evading review.'" Spencer v. Kemna, 523 U.S. 1, 17 (1998).

> "The capable-of-repetition doctrine applies only in exceptional situations," [City of Los Angeles v.] Lyons, [461 U.S. 95,] 109 [1983)], "where the following two circumstances [are] simultaneously present: '"(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be

---

informed this Court that appellant had been released sometime during the winter. We note that it was appropriate for counsel to inform the Court about these developments. Cf. Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.23 (1997) (explaining that counsel in a federal case is required to inform the court of "facts [outside the record] that may raise a question of mootness").

> subject to the same action again,"'" Lewis [v. Continental Bank
> Corp.], 494 U.S. [472,] 481 [(1990)] . . . .

Id.  Neither prong of this doctrine applies here.

First, nothing about this case suggests that appellant had insufficient time to litigate this issue.  The trial court refused her request for HEI at the time of her sentencing in 2006, which she did not appeal.  Appellant then requested HEI through a different jurisdiction and without informing the Pittsylvania County authorities.  If she had informed the relevant parties at the time she started the HEI program through Martinsville, then her case would have progressed more quickly.  In addition, appellant started the HEI program when she had only one and a half years remaining on her sentence.  If appellant had asked for HEI shortly after she was first placed in the custody of the DOC, then she would have had more time to pursue legal action when her efforts were frustrated.  Nothing in this case suggests that similar controversies, due to the inherent nature of these controversies, will always become moot before reaching this Court.

Second, nothing in this case suggests that we can reasonably expect to see appellant before us again in the same situation presented here.  Although the trial court suspended twenty years of her sentence and required two years of supervised probation after her release from the DOC, appellant is not currently facing a revocation of that suspension.  Therefore, we cannot find that "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again."  Id.

## Conclusion

We find that the issue raised in this case is moot.  Therefore, we dismiss this appeal without opinion as to whether error exists in the record and without addressing the question

presented by appellant.  See Hallmark v. Personal Agency, Inc., 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967) (dismissing case as moot); Hankins, 182 Va. at 644, 29 S.E.2d at 832 (same).[2]

Dismissed.

---

[2] The Supreme Court of Virginia recently found in Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008), that affirmance, rather than dismissal, was the appropriate disposition for appeals in which an appellant has violated Rule 5A:20 by failing to include in his brief any citations in support of his arguments.  Id. at 517-20, 659 S.E.2d at 315-17 (discussing Rule 5A:20(e)).  However, Jay did not address the appropriate disposition for a moot question nor did that opinion discuss Hallmark or Hankins.  As the case currently before this Court does not involve a violation of a procedural Rule of Court like Rule 5A:20 and does involve purely a moot issue, we conclude that dismissal, rather than affirmance, is the appropriate disposition here.