COURT OF APPEALS OF VIRGINIA

Present: Judges McClanahan, Haley and Senior Judge Willis

DAVID B. BRIGGMAN

v.      Record No. 1911-09-4

COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT
  *ex rel*. CHRISTINA R. PITTMAN

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 27, 2010

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
J. Howe Brown, Judge Designate

(David B. Briggman, *pro se*, on brief).

(Kenneth T. Cuccinelli, II, Attorney General; Craig M. Burshem,
Senior Assistant Attorney General; Beth J. Edwards, Regional Senior
Assistant Attorney General; Nancy J. Crawford, Regional Senior
Assistant Attorney General, on brief), for appellee.


David B. Briggman (father) appeals an order holding him in contempt for violating a child

support order. Father lists several questions presented related to an order dated April 4, 2001:

(1) whether the trial court entered a valid judgment when the Commonwealth failed to participate in

father's appeal at the circuit court level; (2) whether the trial court erred by imposing an improper

purge clause and converting a criminal proceeding into a civil proceeding; (3) whether the trial court

erred by assuming subject matter jurisdiction when father failed to pay the $25,000 appeal bond;

and (4) whether the trial court erred by failing to grant him a *de novo* hearing pursuant to Code

§ 16.1-136. Father further argues (1) the Code, as it existed prior to July 1, 2008, prohibited

non-attorney employees of the Division of Child Support Enforcement (DCSE) from signing and

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

filing pleadings which contained legal arguments and/or conclusions; (2) orders obtained by pleadings signed by non-attorneys are void *ab initio* and the trial court does not have subject matter jurisdiction to hear any proceeding brought by non-attorneys; (3) the application of the 2008 amendments to cases adjudicated prior to July 1, 2008 constitute a "bill of attainder" and violate the United States and Virginia constitutions; (4) the trial court erred by proceeding with an amended pleading by DCSE, when DCSE did not obtain leave of court to file the amended pleading and no one objected to the amended pleading at trial; (5) the "Standard Payment Plan Agreement," entered into by father, did not contain an "intelligent waiver" of any further notice of a driver's license suspension; (6) DCSE was required to petition the juvenile court under Code § 63.2-1937 for a suspension of father's driver's license; (7) a circuit court judge, who previously recused herself, erred by entering an amended order *ex parte* without notice to father; and (8) DCSE's *ex parte* filings are invalid because father had no notice of such filings.  DCSE argues that (1) father's appeal is moot because he paid his child support arrearage in full and the child is emancipated; (2) father failed to meet the requirements of Rules 5A:20 and 5A:25; therefore, his questions presented are waived; and (3) father's appeal should be dismissed based on the doctrines of *res judicata*, collateral estoppel, and the law of the case because father has previously litigated all defenses he now attempts to raise in the case at bar.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is moot and dismiss the appeal.[1]

BACKGROUND

Father owed child support to Christina R. Pittman (mother) for their daughter.  Their daughter became emancipated in 2002.

_____

[1] Because we dismiss the case as being moot, father's questions presented and the two additional arguments raised by DCSE will not be considered.

On April 8, 2008, DCSE filed a motion for show cause summons, alleging that father had not complied with a previous order in which the trial court held that father was to pay $519 per month toward child support arrears. On October 9, 2008, the JDR court sustained father's demurrer to the show cause motion.[2] The JDR court dismissed DCSE's rule for show cause. DCSE appealed to the trial court.

On July 27, 2009, the trial court heard the parties' evidence and argument. On July 31, 2009, the trial court entered an order finding father in civil contempt. Father's arrearages totaled $13,534.85 through July 27, 2009. Father was remanded to jail for twelve months, with a purge clause of $13,534.85 if paid before August 5, 2009, or $13,534.85 plus interest if paid after August 5, 2009. On July 31, 2009, father purged himself by paying the amount owed in full and was released from jail. The court entered an order on August 10, 2009, which released the purge funds to DCSE.

ANALYSIS

DCSE argues that father's appeal is moot because father paid all of the child support arrears in full on July 31, 2009. DCSE contends the matter is resolved.

"The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944). See also Hallmark v. Personnel Agency, Inc. v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967) (citations omitted).

---

[2] The JDR court entered the order on December 8, 2008, *nunc pro tunc* to October 17, 2008.

"[M]ootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Since father paid the contested amount in full, there are no "live" matters. The child is emancipated, and no further sums are owed. Father is not entitled to restitution for child support he previously paid. Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997) (citing Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993) (holding that the trial court had no statutory or inherent authority to order restitution of spousal support previously paid)). See also Nordstrom v. Nordstrom, 50 Va. App. 257, 266-67, 649 S.E.2d 200, 205 (2007).

Accordingly, the appeal is dismissed. See Hallmark, 207 Va. at 971, 154 S.E.2d at 7 (dismissing the case as moot); Hankins, 182 Va. at 644, 29 S.E.2d at 832 (same).

Dismissed.