COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Lexington, Virginia


WILLIAM SCOTT INGRAM

                                                   MEMORANDUM OPINION[*] BY
v.      Record No. 2436-09-3                     JUDGE WILLIAM G. PETTY
                                                          JUNE 22, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                               David A. Melesco, Judge

            James C. Martin (Martin & Martin Law Firm, on brief), for
            appellant.

            Jane D. Hickey, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General; David E. Johnson, Deputy Attorney
            General; Jane Desousa, Special Counsel, on brief), for appellee.


        Appellant, William Scott Ingram, appeals a final order authorizing his treating physician to

administer medical and psychological treatment against Ingram's will, pursuant to Code

§ 37.2-1101.  Because the order from which Ingram appealed expired during the pendency of this

appeal, we conclude that this appeal is moot.  Accordingly, we dismiss the appeal.

                                          I.

        In accordance with settled appellate principles, we view the facts established in the trial

court in the light most favorable to the appellee, in this case the Commonwealth, and grant all

reasonable inferences flowing from those facts to the Commonwealth.  Because the parties are

fully conversant with the record in this case and this memorandum opinion carries no

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

precedential value, we recite only those facts of the proceedings as are necessary to the parties' understanding of the disposition of these narrow questions presented on appeal.

Ingram is a patient at Southern Virginia Mental Health Institute where he was involuntarily committed pursuant to Code § 19.2-182.5. One of Ingram's treating psychiatrists, Dr. Pravinchandra C. Patel, petitioned the General District Court for the City of Danville for court-ordered treatment as provided in Code § 37.2-1101. The general district court granted the petition, and Ingram appealed to the Circuit Court for the City of Danville (trial court) for a *de novo* hearing. Following a hearing, the trial court made the requisite findings under Code § 37.2-1101(G)[1] and granted Dr. Patel's petition. On October 26, 2009, the trial court entered an order authorizing the requested treatment for 180 days. This appeal followed.

---

[1] According to Code § 37.2-1101(G), the court must find the following prior to authorizing treatment:

1. That there is no legally authorized representative to give consent;

2. That the person for whom treatment is sought is incapable of making an informed decision regarding treatment or is physically or mentally incapable of communicating such a decision;

3. That the person who is the subject of the petition is unlikely to become capable of making an informed decision within the time required for the decision; and

4. That the proposed treatment is in the best interest of the person and is medically and ethically appropriate with respect to (i) the medical diagnosis and prognosis and (ii) any other information provided by the attending physician of the person for whom treatment is sought. However, the court shall not authorize a proposed treatment that is proven by a preponderance of the evidence to be contrary to the person's religious beliefs or basic values, unless the treatment is necessary to prevent death or a serious irreversible condition. The court shall take into consideration the right of the person to rely on nonmedical, remedial treatment in the practice of religion in lieu of medical treatment.

II.

The order from which Ingram appealed to this Court expired during the pendency of the appeal.[2] Hence, the controversy between the parties has ceased to exist, and this case is moot. Hallmark v. Jones, 207 Va. 968, 970, 154 S.E.2d 5, 7 (1967) ("'When it appears from the record, or from matters of which courts may take judicial notice, that the controversy that once existed has terminated by lapse of time, the appellate court will dismiss the writ or appeal.'" (quoting Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944))).

"[A]ppellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." Id. at 971, 154 S.E.2d at 7. "[A] case is moot when the issues presented are no longer 'live,'" Powell v. McCormack, 395 U.S. 486, 496 (1969), because "an actual controversy must be extant at all stages of review," to escape the notion that a case is moot, Preiser v. Newkirk, 422 U.S. 395, 401 (1975). An actual controversy has ceased to exist when, during the pendency of an appeal, "an event occurs which renders it impossible for this Court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever . . . ." Hamer v. Commonwealth, 107 Va. 636, 638, 59 S.E. 400, 400 (1907).

When an appeal has become moot, the proper remedy is dismissal. Id.; Thomas, Andrews & Co. v. Norton, 110 Va. 147, 148, 65 S.E. 466, 467 (1909). These principles exist because "'courts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'" Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (citation omitted). Moreover, even when the parties do not raise the issue of mootness, appellate courts should raise the issue *sua sponte* when the record

---

[2] We note that Ingram sought neither expedited review in this Court, nor injunctive relief below.

does not present a live case or controversy.  <u>Friedman's Inc. v. Dunlap</u>, 290 F.3d 191, 197 (4th Cir. 2002).

In this case, the order authorizing the hospital to treat Ingram against his will has expired. Thus, even if we were to reverse the trial court's order, we would afford Ingram no relief whatsoever.  That action would be meaningless.  Further, Ingram's situation is not "capable of repetition yet evading review," <u>see, e.g.</u>, <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 603 (1982), because the order authorizing treatment is not continuing.  The unique factual findings upon which the trial court based its decision—that Ingram did not have a legally authorized representative to make treatment decisions for him and that Ingram's religious convictions did not militate against the requested treatment—can change, and would have to be re-evaluated any time the hospital sought judicial authorization for treatment after this 180-day order expired.  Thus, there is currently no live controversy between the parties, and we must dismiss this case as moot.

III.

For the foregoing reasons, this appeal is dismissed.

<u>Dismissed.</u>