COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia


DENESE MICHELLE MERRITT CANEDO

MEMORANDUM OPINION[*] BY

v.      Record No. 0582-12-4            JUDGE JERE M.H. WILLIS, JR.
                                         FEBRUARY 26, 2013

GUILLERMO ALBERTO CANEDO


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge Designate

(Gwendolyn Jo M. Carlberg; Demian J. McGarry; The Carlberg Law
Firm; The McGarry Law Firm, PLLC, on briefs), for appellant.
Appellant submitting on briefs.

Michael Kevin Murphy for appellee.


On appeal from an order setting an appeal bond suspending certain judgments in her final

decree of divorce, Denese Michelle Merritt Canedo (wife) contends that the trial court erred (1) in

setting the appeal bond at $465,499 as a condition for suspension of execution of the judgment

appealed from because there were speculative damages included in the amount of the appeal bond,

which were not foreseeable by Code § 8.01-676.1, and damage figures included in the amount of

the appeal bond that were not subject of the appeal; and (2) in setting the appeal bond at $465,499

because the bond did not include the child support arrearages, which should have been considered

as part of the judgment and not in the discretion of the trial court to exclude as a form of a support

decree.  We dismiss this appeal as moot.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On January 6, 2012, the trial court entered a final decree granting the parties a divorce. Ruling on equitable distribution, it awarded Guillermo Alberto Canedo (husband) the parties' South Carolina property. It also awarded him a child support arrearage of $22,851. Wife moved to suspend execution of those portions of the judgment, pending appeal. On February 27, 2012, the trial court entered an order suspending those rulings provided wife filed an appeal bond and/or an irrevocable letter of credit in the amount of $465,499. Wife contends the amount of the bond is excessive.

Subsequent to the entry of the February 27, 2012 order, wife transferred to husband her interest in the South Carolina property and paid to him the entire amount of the child support arrearage. She did not give the required bond.

ANALYSIS

"'The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Hamer v. Commonwealth, 107 Va. 636, 637-38, 59 S.E. 400, 400 (1907)). See also Hallmark Personnel Agency, Inc. v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967) ("appellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation" (citations omitted)).

"[M]ootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Because wife transferred the South Carolina property to husband and paid him the child support arrearages, the purpose of the bond has been extinguished, and there remain no "live" issues relating to the bond. Accordingly, this appeal is dismissed as moot.

*Attorney's fees*

Wife seeks an award of her attorney's fees incurred on appeal. We deny her request.

Husband also seeks an award of his attorney's fees and costs incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We remand the case to the trial court with direction to make husband a reasonable award of attorney's fees and costs incurred by him in this appeal.

CONCLUSION

We dismiss the appeal as moot. We remand this case to the trial court for determination and award to husband his appropriate appellate attorney's fees and costs.

Dismissed and remanded.