COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

CARISSA MICHELLE JOHNS

                                                                MEMORANDUM OPINION[*]
v.        Record No. 1628-13-3                                  PER CURIAM
                                                                MAY 20, 2014
CHARLES EDWARD JOHNS

                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            Thomas J. Wilson, IV, Judge

                (Daniel J. Travostino, on briefs), for appellant.

                (Shelly R. James, on brief), for appellee.


        Carissa Michelle Johns (wife) appeals an order denying her request for continued spousal

support.  Wife argues that the trial court erred by (1) denying her motion to continue spousal support

and ignoring or giving improper weight to evidence regarding the parties' incomes, wife's need for

support, and the ability of Charles Edward Johns (husband) to pay support[1]; and (2) ordering wife to

produce in pre-trial discovery a compact disc (CD) of all contents of her Facebook account, absent a

showing of relevance.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband asserts on brief that wife failed to raise or prove a change in circumstances
pursuant to Code § 20-109 to warrant modification of the final support order, but we do not reach
that issue because it was not raised or argued below, nor was it preserved or raised as an
assignment of error.  Rules 5A:18, 5A:20.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on November 30, 1991. Four children were born during the marriage. On July 15, 2009, the trial court entered a final decree of divorce, which incorporated the trial court's letter opinion. As part of its equitable distribution award, the trial court ordered husband to pay wife $51,332.35 for her share of the marital property. Husband was supposed to make that payment "within one hundred twenty (120) days" of the final decree. The trial court also found that wife had no income and, by agreement, had been a stay-at-home mother during the marriage. Meanwhile, husband owned and operated Harrisonburg Auto Exchange and earned $139,000 per year. After considering the factors in Code § 20-107.1(E), the trial court awarded wife $1,700 per month in spousal support for forty-eight months and a reservation of support for an additional forty-two months. Neither party appealed the final decree of divorce.

In 2011, wife filed a motion for a rule to show cause because husband still owed her $27,732.35, plus interest, for the equitable distribution award. The trial court found husband in contempt and ordered him to pay $1,500 per month on his obligation with a final lump sum payment due by March 1, 2012, provide wife with the use of a car until the discharge of the debt, maintain and insure the car during that time period, pay her attorney's fees, and pay a $1,000 fine to wife. In March 2012, husband satisfied his debt.

On April 1, 2013, wife filed a motion to seek additional support. She stated that the initial forty-eight-month spousal support period would end in July 2013, and she sought spousal support for the additional forty-two months. Husband objected. On July 18, 2013, the trial court

heard evidence and argument, including information regarding wife's employment history, her expenses, and husband's income and expenses.

On July 22, 2013, the trial court issued its letter opinion. After reviewing the statutory factors in detail, the trial court concluded that wife's motion for additional spousal support would be denied. The trial court also declined to award attorney's fees to either party. This appeal followed.

ANALYSIS

*Spousal support*

Wife argues that the trial court erred by denying her motion to seek additional spousal support. Wife asserts that she has a high school education and was a stay-at-home mother by agreement of the parties during their marriage. She notes that since the divorce, she has been employed doing clerical work and is earning $10 per hour at her current job where she works thirty to forty hours per week. She argues that her standard of living has decreased since the divorce and that she needs spousal support. She maintains that husband has the ability to pay support.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

Wife contends the trial court abused its discretion by ignoring or giving "improper weight" to evidence regarding the parties' income and expenses.

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court considered each of the statutory factors in its letter opinion. It found that husband had averaged $9,345 per month in 2012, which was less than what he was earning at the time of the divorce. The trial court held that there was "no showing of any inaccuracy" in husband's tax returns and that he was living "more frugally than prior to the divorce."

The trial court found that wife had no income at the time of the divorce and was earning $1,567.63 per month at the time of the hearing. It noted that wife previously had jobs earning more than she was currently earning. The trial court found that wife had "not taken any opportunity to enhance her earning capacity since the original award four years ago." She did not work for the first two years after the divorce. She did not go to school or take any classes. Wife argues that because husband did not timely pay her for the equitable distribution award, she could not afford to pay for schooling or classes. The trial court took this fact into consideration, but also noted that wife received attorney's fees, a civil fine, and use of a car as a result of husband's late payment.

The trial court held that husband "has an ability to pay something, should it be awarded," but it also concluded that some of wife's expenses were "exaggerated." Wife disagrees and argues that the trial court placed too much weight on some of her expenses. The trial court stated wife spent $1,897.50 on Botox treatments from January 2012 through May 2013 and over $1,200 per year for hair appointments in Charlotte, North Carolina. Wife questions why the trial court did not question the expenses for husband's golf and out-of-town family vacations.

- 4 -

Contrary to wife's arguments, the trial court considered each of the statutory factors and found that wife had the ability to support herself. There is nothing in the record to suggest that the trial court ignored or placed improper weight on any of the factors. Based on the record, the trial court did not abuse its discretion in denying wife's motion for additional spousal support.

*Discovery*

During discovery, husband requested that wife produce the contents of her Facebook account since the 2009 final hearing. Wife did not reply to husband's discovery requests in a timely manner, so husband filed a motion to compel. Wife objected to producing the contents of her Facebook account and argued that they were not relevant. The trial court disagreed and granted husband's motion to compel. Wife argues that the trial court erred by ordering her to produce a CD of all contents of her Facebook account.

Despite the trial court's ruling, wife never produced the CD with the contents of her Facebook account, claiming that she was unable to do so. The trial court subsequently said, "I'm finding then at this point in time the information that you've requested in the form of a CD is not available at this point in time in the form of a CD or other electronic media storage device."

Therefore, the issue is moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969))).

"'The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Hamer v. Commonwealth, 107 Va. 636, 637-38, 59 S.E. 400, 400 (1907)). See also Hallmark

- 5 -

Personnel Agency, Inc. v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967) ("appellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation" (citations omitted)).

Since wife never produced the CD with the contents of her Facebook account, we will not consider whether the trial court erred in ordering her to do so.

*Attorney's fees and costs*

Husband asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny his request for an award of attorney's fees and costs.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.