COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Frank
Argued by videoconference

UNPUBLISHED

RICHARD HILL

v.      Record No. 1229-20-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
JULY 13, 2021

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Bradley R. Haywood (Office of the Public Defender, on briefs), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Richard Hill, appellant, appeals the trial court's denial of his emergency motion for

reconsideration of his sentence. The trial court found it had no jurisdiction to hear the motion

because appellant had appealed his underlying revocation order to this Court. For the reasons

stated, we dismiss the appeal.

BACKGROUND

On March 9, 2015, appellant pleaded guilty to one count of attempted unlawful wounding.

The trial court sentenced appellant to three years' incarceration with all but six months suspended.

Following a March 16, 2018 revocation hearing, the trial court found appellant in violation of his

probation, revoked all of his suspended sentence, and then re-suspended all but one year. The trial

court also restored appellant to probation for an additional two years.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 6, 2019, the trial court initiated a second and later, a third probation violation. Appellant moved to dismiss, asserting that the trial court lacked jurisdiction. The trial court denied that motion to dismiss. The trial court subsequently found appellant in violation of the terms and conditions of his probation and sentenced him to the balance of his previously suspended sentence by order of March 11, 2020. Appellant appealed that decision to this Court, which affirmed the trial court's judgment. See Hill v. Commonwealth, 73 Va. App. 206 (2021).

On April 27, 2020, while his revocation appeal was pending, appellant filed a motion to reconsider the revocation sentence imposed by final order of March 11, 2020,[1] asking that the remainder of his active sentence be suspended. On September 29, 2020, the trial court denied appellant's motion for reconsideration of his sentence, finding that it lacked jurisdiction because appellant had appealed the revocation order to this Court. At the time of the motion and ruling, appellant had not been transferred to the Department of Corrections and remained in local custody. Appellant served his sentence in full and was released from the Arlington County Detention Center on February 23, 2021.

ANALYSIS

The Commonwealth admits that the trial court erred because it did have jurisdiction to act on the motion to reconsider,[2] but contends this appeal is moot because no controversy remains between the parties. If the appeal is moot, we must dismiss it without addressing the merits.

"A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Ingram v. Commonwealth, 62 Va. App. 14, 21 (2013)

_____

[1] The Commonwealth indicated it would not object to the relief sought by appellant if he had a suitable plan to address his mental health upon release.

[2] "[A]n 'issue which is a question of law is not subject to a concession binding on this Court.'" Virginia Marine Res. Comm'n v. Chincoteague Inn, 287 Va. 371, 389 (2014) (alterations and citation omitted).

(quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). "Whenever it appears . . . that there is no actual controversy between the litigants . . . it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." Virginia Broadcasting Corp. v. Commonwealth, 286 Va. 239, 247-48 (2013) (quoting E.C. v. Dep't of Juvenile Justice, 283 Va. 522, 530 (2012)).

"No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." Ingram, 62 Va. App. at 21-22 (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). "It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers." Daily Press, Inc. v. Commonwealth, 285 Va. 447, 452 (2013) (quoting E.C., 283 Va. at 530).

Here, appellant's motion to reconsider requested only a reduction of his active sentence and was not based on the merits of the revocation.[3] It is uncontested that appellant was released after serving his sentence on February 23, 2021. Appellant has no sentence remaining after his release from incarceration. Even if we agreed with appellant's assignment of error, there is nothing that can be done on remand because there is no further sentence to suspend. The appeal is moot.

Hallmark Personnel Agency, Inc. v. Jones, 207 Va. 968 (1967), supports this analysis. There, Jones contracted not to seek employment with any other similar agency for a period of eighteen months after termination of employment with Hallmark. Id. at 968-69. Jones, however, accepted employment with a nearby competing agency in violation of the Hallmark employment

_____

[3] As noted, this Court has addressed Hill's separate challenge to the revocation order. See Hill v. Commonwealth, 73 Va. App. 206 (2021).

- 3 -

contract. Id. Hallmark sought to enjoin Jones from continuing with that employment because of the eighteen-month contract clause. Id. at 969. The trial court dismissed the complaint, and during the pendency of the appeal, the eighteen-month restriction period expired, which allowed Jones to seek other similar employment. Id. at 969-70. The Supreme Court of Virginia held the appeal was moot. "When it appears from the record, or from matters of which courts may take judicial notice, that the controversy that once existed has terminated by lapse of time, the appellate court will dismiss the writ of error or appeal." Id. at 970 (quoting Hankins v. Town of Virginia Beach, 182 Va. 642, 644 (1944)). See also Cumberland Bank & Trust Co. v. French, 186 Va. 53 (1947).

In his reply brief, appellant contends the trial court imposed additional costs after the March 11, 2020 final order. Although this Court can consider the collateral consequences of a conviction to determine whether the proceeding is moot, E.C., 283 Va. at 536, some such consequences may be too remote or speculative to overcome the mootness claim. The obligation to pay fees, costs, or restitution is not speculative. See Cilwa v. Commonwealth, Record No. 161278 (Va. Dec. 14, 2017).[4] However, the court order of March 11, 2020 does not assess any costs or fees against the appellant. Appellant produced a letter dated May 22, 2020, from the trial court clerk's office indicating appellant's counsel submitted a request for transcripts. According to that letter, the trial court approved an award of $626.25 for transcript fees "of the requested hearing" but the letter failed to indicate what the "requested hearing" addressed.

Rule 5A:25(c)(6) requires the appendix to contain "exhibits necessary for an understanding of the case that can reasonably be reproduced." It is assumed that the appendix contains everything germane to the assignments of error; however, this Court may consider other parts of the record. Rule 5A:25(h).

---

[4] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012) (citing Rule 5A:1(f)).

Here, the only evidence of the $626.25 transcript fee was a May 22, 2020 letter from the clerk of the Circuit Court of Arlington County. This letter is not contained in the appendix but does appear in the trial court's record. However, appellant conceded in his opening brief that the trial court never held a hearing on his motion for reconsideration. Thus, the transcript is not germane to this appeal. Moreover, the trial court order denying the motion for reconsideration did not assess any court costs against appellant. We have consistently held that a trial court speaks through its written orders. Rose v. Jaques, 268 Va. 137, 147 (2004). Upon review, we find that any potential collateral consequences are too remote or speculative to present any live controversy.

"[T]he burden of establishing that we lack jurisdiction rests on 'the party who alleges that a controversy before us has become moot.'" Reston Hosp. Center, LLC v. Remley, 63 Va. App. 755, 767 (2014) (quoting Michigan v. Long, 463 U.S. 1032, 1042 n.8 (1983)). "We presume in those circumstances that we have jurisdiction until some party establishes that we do not for reasons of mootness." Id.

The Commonwealth has met its burden to show this appeal is moot. The only issue in appellant's motion was to reduce his sentence. Since the parties agree that appellant fully served the sentence imposed, there is nothing left to suspend. Appellant has no interest in the outcome, so the controversy no longer exists. The issue raised in the appeal is moot, and we thus dismiss the appeal.[5]

Dismissed.

---

[5] Consequently, the present case is dismissed without costs to appellant. Hankins, 182 Va. at 644; Cumberland Bank & Trust Co., 186 Va. at 54.